UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAM SITTHIDET,<br><br>                    Plaintiff,<br><br>         v.<br><br>FIRST HORIZON HOME LOANS, FIRST HORIZON NATIONAL CORP., METLIFE BANK, and D. BRYAN JORDAN,<br><br>                    Defendants. | CASE NO. C10-0704 RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff proceeds pro se and has filed an application to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed IFP will be GRANTED.

Although Plaintiff has not filed a document specifically titled a complaint, the Court will treat "Plaintiff's Declaration to Support Restraining Order and Request for Permanent Order" as a complaint. Plaintiff's "complaint" is difficult to follow, although it appears he disputes various charges or lending practices by Defendants, his lenders. He seeks to restrain Defendants from (1) "Increasing borrower's fixed periodic payment to higher amount without

ORDER
PAGE - 1

proven financial risk to this court;" (2) "Breaking up good payment to make it look insufficient . . ."; and (3) Manipulating Escrow account to make borrower appear owing more back-taxes, foreclosing borrower home through illegal burden injection." The facts in Plaintiff's "complaint" and the remedies he seeks do not show that "immediate and irreparable injury, loss or damage will result," and thus do not meet the standard for a temporary restraining order. Fed. R. Civ. Proc. 65(b). Therefore, the motion for temporary restraining order is DENIED.

Pursuant to 28 U.S.C. § 1915(e), the district court must dismiss the case "at any time" if it determines the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Additionally, this Court must dismiss a case if the Court determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. Proc. 12(h)(3).

Plaintiff has cited to no statute which would confer jurisdiction on this Court or provide a federal cause of action for the wrongs alleged. It is a fundamental principle of jurisprudence that federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. Thus, it is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The basis for federal question jurisdiction must appear on the face of the well-pleaded complaint. *Bell v. Hood*, 327 U.S. 678, 680-82 (1946). The complaint must establish either that a federal statute creates the cause of action, or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

There does not appear to be any basis for this Court's jurisdiction in this matter. Accordingly, Plaintiff is ORDERED TO SHOW CAUSE on or before May 10, 2010 why this action should not be dismissed for lack of jurisdiction.

ORDER
PAGE - 2

Having reviewed the pleadings and the remainder of the record, the Court hereby finds and ORDERS:

    (1) Plaintiff's application to proceed IFP is GRANTED.

    (2) Plaintiff's Motion for Temporary Restraining Order is DENIED

    (3) Plaintiff is ORDERED TO SHOW CAUSE by May 10, 2010 why this action should not be dismissed for lack of jurisdiction.

    (4) The Clerk is directed to forward a copy of this Order to Plaintiff.

DATED this 26 day of April 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE